HAVENS *v.* TALBOTT and Others.

Where the indorser of a promissory note payable in bank, wrongfully obtained possession of the note before it was due, and retained it until after maturity, and took other steps tending to show a primary liability on his part to pay the note :—*Held*, that he was not entitled to notice of presentment and non-payment.

APPEAL from the *Howard* Circuit Court.

HANNA, J.—This was a suit against *Reeder* as maker, and *Havens* as indorser, of a promissory note payable in bank.

The complaint avers the making of said note payable to the order of *Havens;* the indorsement and delivery thereof by *Havens* to the plaintiffs; and sets up as an excuse for the non-presentation thereof at bank for payment at maturity, that said *Havens*, before it became due, "represented to one *Harrison*, the attorney of said plaintiffs, that if said note could be had, he would satisfy, pay, and discharge the same in good cash notes secured by real estate;" that the said attorney procured the same of said plaintiffs, and proceeded to make the arrangement with said *Havens*, and that whilst said arrangement was being made, at, &c., the said *Havens* picked up the note and left the room, saying that he wished to have it to make an arrangement with *Reeder*, and that he would return in a short time and make the payment; that he did not return and make the payment, nor did he return said note until after it was due, &c., but that before, at the time of, and after maturity, said note was wrongfully in the possession of said *Havens* and *Reeder;* that it remains unpaid, &c.

*Reeder* was defaulted, and *Havens* demurred to the complaint. The demurrer was overruled, which ruling presents the first question for consideration.

We are not apprised of the process of reasoning by which the appellant arrives at the conclusion that he was, under the circumstances, entitled to notice of the presentation and non-payment of said note, at maturity.

If he had been a second indorser, and, as such, had

Nov. Term,
1858.

taken the note up before maturity, certainly, it would have been his duty, the same as any other holder, to have presented it, in order to charge the prior indorser. If, instead of taking up the note from the holders, he should obtain possession of it, as above stated, would it not devolve upon him, in like manner, to take the necessary steps to hold the prior indorser responsible? But it is not necessary to decide that question, because, in the case at bar, in addition to the facts of possession, &c., averred, it is also shown that he had taken such steps, in reference to the paper, as tended to show a primary liability, upon his part, to pay the same, although, apparently, he was an indorser only.

We think that the demurrer was properly overruled.

The next error assigned is, that a new trial should have been granted. The evidence is not in the record.

The next error assigned is, that the judgment should have been arrested. The record does not show any motion in arrest.

*Per Curiam.*—The judgment is affirmed, with 8 per cent. damages and costs.

*L. Chamberlin* and *C. D. Murray*, for the appellant.
*S. Yandes* and *C. C. Hines*, for the appellees.